United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10654
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT LEE BRUNSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-254-1-A
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Scott Lee Brunson pleaded guilty to one charge of possession of a machine gun and was sentenced to serve 71 months in prison and a three-year term of supervised release. Brunson now appeals his conviction and sentence. Brunson argues that the statute of conviction, 18 U.S.C. § 922(o), is unconstitutional. This argument is foreclosed by our precedent. See United States v. Knutson, 113 F.3d 27, 28 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brunson contends that the district court erred when it found that his offense involved three or more firearms and adjusted his base offense level pursuant to U.S.S.G. § 2K2.1(b)(1). Brunson further contends that the district court erred in determining that he was a leader or organizer of the offense and adjusting his base offense level pursuant to U.S.S.G. § 3B1.1(c). Brunson has not shown that the disputed adjustments involve either a misinterpretation of the Sentencing Guidelines or a clearly erroneous finding of fact. See United States v. Villegas, __ F.3d __, No. 03-21220, 2005 WL 62793 at *2-*5 (5th Cir. Mar. 17, 2005); United States v. Lowder, 148 F.3d 548, 552 (5th Cir. 1998).

Finally, Brunson argues that his sentence is invalid under United States v. Booker, 125 S. Ct. 738 (2005). Brunson has not shown that he is entitled to relief on this claim, as he has not established that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result." See United States v. Mares, ___ F.3d ___, No. 03-21035, 2005 WL 503715 at *9 (5th Cir Mar. 4, 2005).

Brunson has not shown error in the judgment of the district court. Accordingly, that judgment is AFFIRMED.